UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| DARRELL LEE KING, ) | |
| ) | |
| *Plaintiff*, ) | No. 1:09-cv-331 |
| ) | |
| v. ) | *Chief Judge Curtis L. Collier* |
| ) | |
| MARION COUNTY SHERIFF'S DEPT.; ) | |
| SHERIFF RONNIE (BO) BURNETT; ) | |
| DR. BRENDA K. SOWTER, MEDICAL ) | |
| DIRECTOR; NURSE ARLENE RIDELL; ) | |
| M.C.S.D. ADMINISTRATOR TAMMY ) | |
| MCALPIN; and JODIE BURNETT, HEAD ) | |
| OF KITCHEN; ) | |
| ) | |
| *Defendants*. ) | |

**MEMORANDUM AND ORDER**

Darrell Lee King ("King"), a *pro se* prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 [Court File No. 1]. King alleges he is receiving inadequate medical care, specifically challenging the type of blood pressure medicine prescribed to him; the treatment he is receiving for an abcessed tooth; and the denial of his request to see a doctor for a pain he is experiencing in his back. In addition, King alleges he has been denied access to a law library, adequate nutritional meals, and outside recreation [Court File No. 1].

For the reasons discussed below, the medical and access to library claims will be **DISMISSED** *sua sponte*, and the inadequate diet and recreation claims will proceed at this time [Court File No. 1].

**I.      Application to Proceed *In Forma Pauperis***

It appears from the application to proceed *in forma pauperis* submitted by King, he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00 [Court File

No. 3]. King, is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since King is an inmate or prisoner in custody at the Marion County Jail, in Jasper, Tennessee, he is **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915. King is ordered to pay the full filing fee of three-hundred and fifty dollars ($350.00) pursuant to the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915 [Court File No. 3].

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of King's inmate trust account at the institution where he now resides is **ORDERED** to submit to the Clerk, United States District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

    (a)    twenty percent (20%) of the average monthly deposits to King's inmate trust account; or

    (b)    twenty percent (20%) of the average monthly balance in King's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian **SHALL** submit twenty percent (20%) of King's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the Sheriff and Custodian of Records at the Marion County Jail, in Jasper, Tennessee; the Commissioner of the Tennessee Department of Correction; and the Attorney General for the State of Tennessee, to ensure the custodian of King's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of King **SHALL** collect the filing fee as funds become available. This order **SHALL** become a part of King's file and follow him if he is transferred to another institution. The agency having custody of King **SHALL** continue to collect monthly payments from King's prisoner account until the entire filing fee of $350.00 is paid.

King is **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of King to notify the new prison officials of this order and outstanding debt will result in the imposition of appropriate sanctions against him without any additional notice or hearing by the Court.

## II. Standard of Review

### A. *Pro Se* Pleadings

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, *pro se* status does not exempt plaintiffs from the requirement that they must comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R.

Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman* (In re *DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997).

The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard*, 76 F.3d at 726; *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). Although the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts underlying the claim, the plaintiff must provide sufficient allegations to give defendants fair notice of the claims against them. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). The Supreme Court has rejected the notion that a "wholly conclusory statement of claim" could survive a motion to dismiss "whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007). Thus, at a minimum, a complaint must include the necessary facts and grounds upon which a particular claim rests. "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Lillard*, 76 F.3d at 726 (citations omitted).

### B. Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)

In addition, when considering a prisoner's civil complaint, the Court has the responsibility to screen the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Furthermore, 28 U.S.C. §§ 1915A and 1915(e)(2) provides the Court must dismiss a case at any time if the Court determines it is frivolous or fails to state a claim upon which relief can be granted. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

4

**III.    Facts**

King claims the "nurses have no idea what kind of blood pressure medicine that I had been prescribed to take back in 2004-2005, while I was incarsarated [sic] in Texas Department of Criminal Justice system. They give me 2 pills, (claudine .01 mg) a day. I know this is not what I'm suppose to take." King further claims his blood pressure stays on the high end. In addition, King contends he has an abcessed tooth which needs to be pulled and complains the nurses have only put him on antibiotics rather than pulling the tooth. In his final complaint regarding the medical care he is receiving, King challenges the nurses' refusal to permit him to see a physician for the pain he is experiencing in his back which extends to his fingers.

Additionally, King claims his requests for access to a law library have been denied. King also complains the Marion County Jail serves inadequate food portions as he has gone from 170 lbs. to 149 lbs. in approximately two months. In his final claim, King contends he has not been taken outside for recreation in the little over two months he has been incarcerated.

**IV.    Analysis**

   **A.    *42 U.S.C. § 1983***

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155-156 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). To maintain a cause of action for damages under 42 U.S.C. § 1983, a plaintiff must also allege the defendant caused the plaintiff an injury and show actual damages. *See Carey v. Piphus*, 435 U.S. 247, 255 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Zehner v. Trigg*, 952

F.Supp. 1318, 1321 (S.D. Ind.), *aff'd* 133 F3d 459 (7th Cir. 1997); *also see* 42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a prisoner confined in a jail, prison, or other corrections facility for mental or emotional injury suffered while in custody without a prior showing of physical injury").

Additionally, to state a § 1983 claim, a plaintiff must allege sufficient facts that, if true, would establish he incurred an injury when the defendants deprived him of a right secured by the Constitution of the United States while they acted under color of law. *See Brock*, 94 F.3d at 244; 42 U.S.C. § 1997e(e).

### B.     *Identity of Defendants*

King brings suit against the Marion County Sheriff's Department and several of its employees. The complaint does not indicate whether the named defendants are being sued in their official capacities, individual capacities, or both.

A suit brought against a public, government official will not be construed as seeking damages against the defendant in his individual capacity unless such a claim for individual liability is clearly and definitely set forth in the pleading. *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir.), *cert. denied*, 515 U.S. 1116 (1995); *Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993); *Lovelace v. O'Hara*, 985 F.2d 847, 850 (6th Cir. 1993); *Hardin v. Straub*, 954 F.2d 1193, 1199-1200 (6th Cir. 1992); *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989); *Johnson v. Turner*, 855 F. Supp. 228, 231 (W.D. Tenn. 1994), *aff'd*, 125 F.3d 324 (6th Cir. 1997). Generally, absent any express indication the defendant is being sued in his individual capacity, the Court must assume he is being sued only in his official capacity as an employee of the

governmental entity. *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir.), *cert. denied*, 502 U.S. 883 (1991); *Wells*, 891 F.2d at 593-94.

Although it is preferred that plaintiffs explicitly state whether a defendant is sued in his or her individual capacity, the failure to do so is not fatal if the complaint or other filed documents provide sufficient notice to the defendant that he is being sued as an individual. In *Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001), the caption on Moore's complaint listed the officers' names, not their official titles; the complaint referred to the officers throughout as the "individual defendants;" the complaint identified the officers as "acting for themselves and for the City . . .;" and Moore sought compensatory and punitive damages against each of the defendants. The United States Court of Appeals for the Sixth Circuit stated that taken as a whole, the complaint likely provided sufficient notice to the officers that they were being sued as individuals. *Id.* at 774. However, the Sixth Circuit ruled "Moore's response to the officers' motion to dismiss clarified any remaining ambiguity: 'The individuals named are police officers who are being sued in their individual capacities for using excessive and unreasonable force while making an arrest of the Plaintiff on April 7, 1996.'" *Moore v. City of Harriman*, 272 F.3d at 773, 774.

The complaint before this Court is not analogous to the complaint in Moore. In the instant case, Plaintiff failed to identify in what capacity he is suing Defendants. However, in the heading and the body of the complaint, Defendants are identified with their official titles [Court File No. 1]. Furthermore, Plaintiff does not seek any monetary relief.[1] Thus, absent any clear indication in the

---

[1] Plaintiff does request, however, to see a doctor; to have access to a law library; to have the jail investigated to see if the kitchen is feeding according to federal standards; and to go to recreation according to federal standards.

complaint that any defendant is being sued in his/her individual capacity, the Court must assume he is being sued in his official capacity. *Id*. at 772.

A claim against these defendants in their official capacity is treated as an action against the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Barber v. City of Salem, Ohio*, 953 F.2d 232, 237 (6th Cir. 1992). Because the defendants have been sued only in their official capacity as employees of Marion County, Tennessee, the Court must proceed as if Plaintiff has in fact sued Marion County. Therefore, in order to prevail, Plaintiff must demonstrate the alleged violation of his constitutional rights resulted from acts representing official policy or custom adopted by Marion County. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990).

In order to prevail in an action against a defendant in his official capacity, a plaintiff must show, first, that he has suffered harm because of a constitutional violation and second, that a policy or custom of the entity--in this case, Marion County--caused the harm. *See Collins v. Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Plaintiffs must identify the policy, connect the policy to the county itself, and show the particular injury was incurred because of the execution of that policy, all of which Plaintiff has failed to do as to the medical claims and the claim regarding access to a law library. *See Garner v. Memphis Police Dept.*, 8 F.3d 358, 363-64 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177 (1994) (citation omitted). Not only did King fail to provide any allegations for which the Court could infer an unconstitutional policy in relation to these claims, he has not sustained any identified injury in relation to these claims.

As to the other two claims, however, construing the *pro se* complaint liberally, as the Court is required to do, *Haines v. Kerner*, 404 U.S. 519, 521-21(1972), King contends Defendants acquiesced in, and/or implemented the alleged unconstitutional policies of depriving him and the prisoners incarcerated at Marion County Jail of nutritionally adequate food sufficient to maintain health and depriving him an opportunity for outside recreation.[2] Therefore, the Court, liberally construing his claims, holds King has stated a colorable conditions of confinement claim under the Eighth Amendment with regard to the diet served and lack of outdoor recreation at Marion County.

In summary, King does not allege any facts from which the Court is able to infer the violation of his rights with regard to the medical claims or the access to a law library claim resulted from any policy or custom on the part of Marion County. The Court does construe King's claims challenging the sufficiency of the diet provided by the Marion County Jail and the lack of outdoor recreation as stating colorable claims for relief under § 1983 which may proceed at this time.

Although the Court has concluded King is not entitled to any relief on the medical claims and denial of access to a law library claim against the defendants in their official capacity and the defendants are entitled to judgement as a matter of law, for the sake of thoroughness, the Court will explain why, even if King is making a policy argument as to those two claims, he has failed to alleged constitutional violations.

---

[2] The information regarding outside recreation is very scant but the Court is able to infer King is alleging he was not permitted to go outside for over two months. Thus, construing the complaint liberally the Court is permitting this claim to go forward at this time. Although the Court is cognizant that the Sixth Circuit has not "set a minimum amount of time a prisoner must have access to outdoor recreation, *Rodgers v. Jabe*, 43 F.3d 1082, 1086-87(6th Cir. 1995), the Court is also aware that, under certain circumstances, "the deprivation of sunshine and fresh air may violate the Eighth Amendment." *Hunter v. Helton*, 2010 WL 2405092, *3 (M.D.Tenn. 2010) (citing *Comer v. Stewart*, 215 F.3d 910, 916 (9th Cir. 2000) and *Blissett v. Coughlin*, 66 F.3d 531, 537 (2nd Cir. 1995).

## C. Claims

Assuming Plaintiff is claiming the alleged violations regarding his medical care and access to a law library are the result of a policy or custom on the part of Marion County or even assuming he sued Defendants in their individual capacities, as explained *infra*, he has failed to set forth any facts which support a claim that his constitutional rights were violated.

### 1. Medical Claims

King contends he is on the wrong type of blood pressure medicine because his blood pressure stays on the high end. The Court discerns this to mean his blood pressure remains at the high end of normal. King also claims he has a tooth that abcessed twice in one month for which he was prescribed antibiotics, the second time for thirty days. King asserts he is concerned he may become immune to these antibiotics. Finally, King claims he has a pain in his back that extends to his fingers. Without providing any other facts, King claims he has submitted "[m]any request [sic] to see a doctor. They tell me I'll never see a doctor here." [Court File No. 1]. Initially, the Court observes King has not alleged he has suffered any specific injury as a result of the treatment or lack thereof. Moreover, King's claims against the defendant medical personnel do not rise to the level of a constitutional violation as they amount only to a difference of opinion with respect to the treatment he has received. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

All of King's medical claims arise under the Eighth Amendment's prohibition of cruel and unusual punishment. An Eighth Amendment claim consists of both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 234 (1992). The objective component requires the deprivation be "sufficiently serious" *id.* at 834, and the subjective component requires the official

10

to have acted with the requisite intent—a "sufficiently culpable state of mind." *Id.* To satisfy the objective component, a prisoner must show he "is incarcerated under conditions posing a substantial risk of serious harm. *Id.* To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate the prison official acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Id.* Importantly, "deliberate indifference describes a state of mind more blameworthy than negligence." *Id*. at 835.

Thus, to properly establish a violation under 42 U.S.C. § 1983 for failure to provide adequate medical care, a prisoner must prove prison officials acted with deliberate indifference to a serious medical need. A difference of opinion between a prisoner patient and prison medical staff regarding treatment does not give rise to a § 1983 claim. Generally, once a prisoner has actually been given treatment and the dispute is over the adequacy of such treatment, such dispute does not state a cognizable § 1983 claim. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Even if the medical personnel's opinion is inaccurate and treatment is unsuccessful, mere negligence or allegedly poor medical judgment does not constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. at 106; *Smith v. Green*, 959 F.2d 236 (6th Cir. April 7, 1992) (Unpublished table decision), *available in* 1992 WL 70179, at *1. Negligence is not actionable under the Eighth Amendment. Ordinary medical malpractice—malpractice that consists of negligent treatment—is not cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. at 106.

To establish an Eighth Amendment claim based upon the denial of medical attention, King must show the defendants unnecessarily and wantonly inflicted pain upon him. *Estelle v. Gamble*, 429 U.S. at 103-04; *Saaty v. Voinovich*, 70 F.3d 1273 (6th Cir. Nov. 20, 1995) (Unpublished table decision), *available in* 1995 WL 696672, at *1. To demonstrate deliberate indifference, an inmate

11

must show the prison official knew of and disregarded an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 835-840 (1994). Deliberate indifference may be "manifested by prison doctors in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 104-05. King makes no such allegation here. King has failed to present any evidence to show a deliberate indifference to his serious medical needs. Indeed, King acknowledges he received medical care, but challenges the course of medical treatment he received.

The administration of Claudine and antibiotics to King, even assuming such was not the best or proper treatment, does not rise to the level of deliberate indifference required to support a § 1983 claim based on failure to provide treatment to him. The propriety of a certain course of medical treatment is not a proper subject for § 1983 review. Disagreements between an inmate and prison medical staff as to the quality of medical care do not constitute the deliberate indifference to serious medical needs required to turn a claim of medical malpractice into a constitutional violation. Exercising their professional judgment, Marion County medical staff have made the decision to administer Claudine and antibiotics to treat King's medical needs. Although King disagrees with the decision, his quarrel is not actionable under § 1983. *See Estell v. Gamble*, 429 U.S. at 105-06.

King has failed to allege deliberate indifference on the part of Marion County Medical Personnel or allege any resulting injury as a result of the medical treatment he received. Accordingly, King's claims challenging the course of treatment taken by the Marion County Jail's medical personnel in treating his blood pressure and abcessed tooth, in addition to his factually unsupported claim he has a pain in his back which extends to his fingers are all **DISMISSED** for failure to state an Eighth Amendment violation.

## 2. Access to Law Library

King claims he has been denied access to a law library. Prisoners have a constitutional right to access to the courts. *Lewis v. Casey*, 518 U.S. 343 (1996). However, an inmate who is claiming he was denied access to court must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* at 351. King has not made a showing that he has been hindered in his effort to pursue a non-frivolous legal claim. *See Hadix v. Johnson*, 182 F. 3d 400, 404 (6th Cir. 1999) ("An inmate must demonstrate an 'actual injury,' which, the Court said, cannot be shown 'simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense.'" (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)).

Therefore, based on the record before the Court, King's allegation that he has been denied access to a law library does not give rise to a constitutional deprivation. King has failed to demonstrated any prejudice to his litigation. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Therefore, he has failed to demonstrate a constitutional violation.

**V.     Conclusion**

Accordingly, for all the foregoing reasons, King's § 1983 medical and denial of access to a law library claims fail to state a claim upon which relief can be granted, 28 U.S.C. §§ 1915A and 1915(e); thus, those claims are **DISMISSED WITH PREJUDICE.** In addition, the Defendants associated with the medical claims, Dr. Brenda K. Sowter, Medical Director and Nurse Arlene Riddell are **DISMISSED** from this lawsuit.

King's claims pertaining to the diet provided by the Marion County Jail and the lack of outside recreation will proceed at this time [Court File No. 1].

13

Accordingly, it is hereby **ORDERED** that:

(1) King is **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of King's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

- (a) twenty percent (20%) of the average monthly deposits to King's inmate trust account; or

- (b) twenty percent (20%) of the average monthly balance in King's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian **SHALL** submit twenty percent (20%) of King's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

(2) The Clerk of Court **SHALL** mail a copy of this memorandum and order to the Marion County Sheriff and Custodian of Records, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of King's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

(3) The agency having custody **SHALL** collect the filing fee funds, make this order a part of the inmate's file, and send it with the inmate if he is transferred to another institution. The agency having custody of King shall pay the monthly payments from his prisoner account until the entire filing fee is paid.

(4) King is **ORDERED** to notify this Court of any change of address if he is transferred to another institution, and to provide the prison officials at any new institution with a copy of this order.

(5) The Clerk is **DIRECTED** to send King service packets (a blank summons and USM 285 form) for each remaining defendant named in this action. King is **ORDERED** to complete the service packet and return it to the District Court Clerk, 900 Georgia Ave. , Room 309, Chattanooga, TN 37402, within **twenty (20) days** of the date of receipt of this order. The summonses will then be signed and sealed by the Court Clerk and forwarded to the United States Marshal for service. Fed. R. Civ. P. 4. King is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

(6) Defendants **SHALL** answer or otherwise respond to the complaint within **twenty (20) days** from the date of service.

(7) King is **ORDERED** to inform the Court, and Defendants or their counsel of record, immediately of any address changes. Failure to provide a correct address to this Court within **ten (10) days** following any change of address will result in the dismissal of this action.

ENTER:

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**